IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RONNIE REDDEN,

    Petitioner,

v.                                CIVIL ACTION NO. 1:18-cv-00749

MICHAEL MARTIN, Warden,

    Respondent.

### MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 27).

Magistrate Judge Aboulhosn submitted to the court his PF&R on October 24, 2018, in which he recommended that the court deny petitioner's "Motion for Leave to File Amended Complaint" (ECF No. 11), grant respondent's "Motion to Dismiss for Lack of Jurisdiction" (ECF No. 20), Deny as moot petitioner's "Motion to Reset Federal Clock or Timelines" (ECF NO. 12), and remove this matter form the court's docket.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Aboulhosn's PF&R. The failure of any party to file such objections within the time allotted constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). The petitioner filed a number of motions after the magistrate judge submitted his proposed findings and recommendations: Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF NO. 29), Motion to Obtain Transcripts (ECF NO. 30), Motion to Obtain Statement (ECF No. 31), and Prayer of Relief (ECF No. 32). Based upon the petitioner's timely filing of these motions within the requisite time for filing objections to the PF&R and based upon the subject of the motions, the court construes these motions as objections to the magistrate judge's PF&R. The court reviews the petitioner's objections below.

**I. DISCUSSION**

a. Underlying Petition

The instant matter refers to the petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

In his proposed findings and recommendations, the magistrate judge thoroughly laid out the procedural history of the petitioner's relevant criminal cases and subsequent Habeas Corpus Petitions before the court. The background of the petitioner's petition is as follows:

i. Criminal Action No. 92-F-77:

On August 27, 1992, petitioner was convicted of six counts of first-degree sexual assault, three counts of third-

degree sexual assault, and three counts of child abuse by a parent. State v. Redden, Case No. 92-F-77; (Document No. 3-6, p. 3.). Petitioner appealed his convictions to the Supreme Court of Appeals of West Virginia ["WVSCA"]. Petitioner's direct appeal was refused by the WVSCA on October 6, 1993. State v. Redden, 194 W.Va. 364, 460 S.E.2d 499 (1995). Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

ii. First State Habeas Proceeding:

In November 1993, petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Mercer County with respect to his conviction in Case No. 92-F-77. Redden v. Trent, Civil Action No. 93-1656 (Cir. Ct. Mercer, March 10, 1994); (Document No. 3-6, p. 3). By Order of March 10, 1994, the Circuit Court of Mercer County denied petitioner's habeas petition. Id. Petitioner appealed to the WVSCA alleging various errors including ineffective assistance of counsel and insufficient funding of the Public Defender's Office. See Redden v. Trent, Case No. 22703 (W. Va. July 17, 1995). On July 17, 1995, the WVSCA issued an opinion affirming the decision of the Circuit Court of Mercer County. Id.

iii. First Section 2254 Petition:

On December 13, 2005, petitioner, proceeding pro se, filed his first Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus By a Person in State Custody. <u>Redden v. McBride</u>, Civil Action No. 1:05-1147 (S.D.W. Va. Aug. 1, 2006), (Document No. 1). In his Petition, petitioner challenged the validity of the sexual assault convictions obtain against him in two separate cases in the Circuit Court of Mercer County (Case Nos. 92-F-77 and 95-F-153). <u>Id.</u> By Proposed Findings and Recommendation entered on June 28, 2006, United States Magistrate Judge R. Clarke VanDervort recommended that petitioner's Section 2254 Petition be denied as untimely. <u>Id.</u>, (Document No. 7). Petitioner filed his Objections on July 3, 2006. <u>Id.</u>, Document No. 8. By Memorandum Opinion and Order entered on August 1, 2006, United States District Judge David A. Faber overruled petitioner's Objections, adopted Judge VanDervort's recommendation, and dismissed petitioner's Section 2254 Petition as untimely. <u>Id.</u>, (Document No. 9); <u>Redden v. McBride</u>, 2006 WL 2189727 (S.D.W. Va. Aug. 1, 2006). Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

iv. Second State Habeas Petition:

In 2008, petitioner filed his second State habeas petition raising errors related to both his 1992 and 1996 convictions. (Document No. 11-2.). Specifically, petitioner alleged the following grounds of error: (1) ineffective assistance of trial counsel; (2) the trial court improperly admitted 404(b) evidence; (3) ineffective assistance of

4

appellate counsel; (4) denial of a jury trial; (5) failure of counsel to take an appeal; (6) defects in the indictment; (7) claims concerning use of informers to convict; and (8) sufficiency of evidence. Id. After conducting an omnibus hearing, the Circuit Court denied petitioner's habeas petition on December 16, 2010. Id. Petitioner appealed the Circuit Court's decision. (ECF Nos. 11-2, 11-3, 11-4, and 11-5). On April 16, 2012, the WVSCA issued a memorandum decision affirming the decision of the Circuit Court of Mercer County. Ronnie R. v. Ballard, 2012 WL 3055682, * 2 – 3 (W. Va. April 16, 2012).

v. Third State Habeas Petition:

On April 1, 2013, petitioner filed his third State habeas petition again challenging both his 1992 and 1996 convictions. ECF No. 3-2, p. 2 and ECF No. 3-6. Specifically, petitioner argued that trial counsel and his prior habeas counsel were ineffective. Id. On May 16, 2016, the Circuit Court denied petitioner's habeas petition without conducting an evidentiary hearing. Id. Specifically, the Circuit Court determined that Petitioner's habeas petition attempted to relitigate issues resolved in prior proceedings that had "been final upon the merits for many years." Id. Petitioner filed his appeal arguing that the Circuit Court erred in denying his habeas petition without conducing an evidentiary hearing. (ECF No. 3-2, p. 2). By Memorandum Decision entered on September 5, 2017,

5

the WVSCA affirmed the Circuit Court's decision. <u>Ronnie R. v. Ballard</u>, Case No. 16-0565 (W. Va. Sep. 5, 2017); (ECF No. 3-2, pp. 1 – 5). By Order entered on November 14, 2017, the WVSCA denied Petitioner's petition for rehearing. <u>Id.</u>, p. 6.

> vi. Second Section 2254 Petition:

On April 30, 2018, petitioner, acting pro se, filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody challenging his 1992 conviction (Case No. 92-F-77).2 (Civil Action No. 1:18-00749, Document Nos. 3, 3-1, and 3-9.). In his Petition, petitioner alleges the following grounds for habeas relief: (1) Ineffective assistance of trial counsel; (2) Ineffective assistance of appellate counsel; and (3) Ineffective assistance of *habeas* counsel. <u>Id.</u>

> b. Petitioner's Motion to Appeal Magistrate Judge Omar Aboulhosn's Proposed Findings and Recommendations.

The petitioner objection to the magistrate judge's PF&R can be summarized as follows: the petitioner contends there is a "conflict of interest" because Judge Omar Aboulhosn allegedly ruled over the petitioner's preceding criminal cases and found that that all attorneys were ineffective, and Sidney Bell was appointed to represent him. (ECF No. 29). Based upon this alleged ruling, the petitioner argues that the Judge Derrick Swope's later ruling that the petitioner's counsel was not

6

ineffective is subject to the precedent of Judge Alboulhosn's ruling, and "allows for a writ of habeas corpus to be filed" and "resets time clock, be back under court jurisdiction . . .." (ECF No. 29, p. 2).

The petitioner erroneously claims the Judge Omar Aboulhosn ruled that the petitioner's counsel was ineffective in a prior proceeding. No court presiding over the petitioner's case has ever made such a finding.[1] Therefore, the petitioner's argument that he has been subject to double jeopardy "when Judge Swope denied habeas corpus when Judge Omar Aboulhosn proceeded and already ruled in favor of petitioner on ineffective assistance of counsel . . .." is without merit. (ECF No. 32, p. 2).

The petitioner makes an additional objection that his "time clock" to file a habeas corpus petition be reset and "the repetitive filing be overturned and dismissed." (ECF No. 32, p. 1). The petitioner bases his argument solely on the fact that he allegedly first received a ruling that he had ineffective counsel and later was told by Judge Swope that his counsel was not ineffective. Id. Because no court presiding over the petitioner has even made such a finding, i.e., he had

---

[1] The petitioner argues that Magistrate Judge Aboulhosn "found all trial, appeal, and habeas lawyers to be ineffective. . . in the cases # 95-F-153 and 92-F-77." ECF No. 31

7

ineffective counsel, the petitioner's objection to the magistrate judge's finding that the petitioner's instant Section 2254 Petition should be deemed as a second or successive Section 2254 application and be dismissed is without merit.

Because the court finds that the petitioner's "conflict of interest" argument is not based upon any recorded evidence and is clearly inaccurate, the petitioner's Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF No. 29), Motion to Obtain Transcripts (ECF No. 30), Motion to Obtain Statement (ECF No. 31), and Prayer of Relief (ECF No. 32) are **DENIED**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

## II. CONCLUSION

**For the reasons set forth above, the court hereby DENIES** petitioner's "Motion for Leave to File Amended Complaint" (ECF No. 11); **GRANTS** respondent's "Motion to Dismiss for Lack of Jurisdiction" (ECF No. 20); **DENIES** as moot petitioner's "Motion to Reset Federal Clock or Timelines" (ECF No. 12); **DENIES** petitioner's Motion to Appeal Magistrate Omar Aboulhosn Recommendation (ECF No. 29); **DENIES** Motion to Obtain Transcripts (ECF No. 30); **DENIES** Motion to Obtain Statement (ECF No. 31); and **DENIES** Prayer of Relief (ECF No. 32), and removes this matter from the court's docket.

The Clerk is further directed to forward a certified copy of this Judgment Order to petitioner, pro se and to counsel of record.

It is **SO ORDERED** this 29th day of March, 2019.

**ENTER:**

*David A. Faber*
David A. Faber
Senior United States District Judge